UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISON

CASE NO.:

DARYL WILLS,

    Plaintiff,

v.

FRENCHMAN'S CREEK, INC.

    Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

Plaintiff, DARYL WILLS, sues Defendant, FRENCHMAN'S CREEK, INC, and in support states and alleges as follows:

1. The Court has original jurisdiction pursuant to 42 U.S.C. §1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*, and supplemental jurisdiction under 28 U.S.C. § 1367, over Plaintiffs' claims under the Florida Fair Housing Act, § 760.20, *et seq*., and Florida Statutes § 720.305.

2. Venue is proper under 28 U.S.C. § 1391(b) as this is the district in which the events giving rise to Plaintiffs' claims occurred, and where the subject property is located and where Defendant conducts business.

3. Plaintiff, DARYL WILLS, (hereinafter "WILLS") is a resident of Palm Beach County, Florida, and is otherwise *sui juris*. WILLS is a qualified person with a disability under the Fair Housing Act, and 42 U.S.C. § 3602(h).

4. Defendant, FRENCHMAN'S CREEK, INC., (hereinafter "FRENCHMAN'S CREEK") is a Florida not for profit corporation, licensed to and doing business in Palm Beach

County, Florida. FRENCHMAN'S CREEK, owns and operates Frenchman's Creek Beach & Country Club, located at 13495 Tournament Drive, Palm Beach Gardens, FL 33410.

5. The housing at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## GENERAL ALLEGATIONS

6. WILLS belongs to a class of people whom the Fair Housing Act ("the Act") protects from unlawful discrimination by virtue of his disability.

7. WILLS suffered a severe stroke in 2006 which caused neurological deficiencies. In addition to serious physical limitations which affect his mobility and use of his hands, WILLS has expressive aphasia. Expressive aphasia affects the ability to communicate, making it very difficult for Mr. Wills to express more than 2 or 3 words at a time.

8. Individuals with expressive aphasia struggle to find the correct words for proper expression of their thoughts. Sometimes, the words they do use are not the words they intended to say.  Understandably, they struggle with verbal expression causing outbursts of frustration.

9. Sometimes, as a result of his stroke and neurological deficiencies, WILLS makes inappropriate and unintended comments. This is infrequent but does occur at times, especially when trying to respond, or explain himself, which can be quite frustrating when he cannot find the words to do so. However, WILLS is not a danger to anyone and has never been a direct threat to anyone.

10. As a person with expressive aphasia WILLS, has a neurological disability, and is substantially impaired in his interactions with others, language skills.

11. As a condition of being a resident/owner at Frenchman's Creek, WILLS is required to be a member of the club which grants him privileges to use the restaurants, gym, and spa. He pays for services at the restaurants, gym and spa as required by his residency.

12. On April 12, 2023, WILLS went to the spa to get a manicure. WILLS believed that he had an appointment to get his nails manicured which he cannot do himself due to his disability. WILLS was told that he did not have an appointment to receive a manicure. Consistent with and because of his disability, he had a verbal outburst directed to a staff member of the spa.

13. On April 12, 2023, WILLS received a call from Miles Tucker of the Frenchman's Creek Club advising that he was <u>immediately and indefinitely</u> suspended from all of the Frenchman's Creek club's recreational activities, without any notice or due process under Florida Statutes § 720.305. WILLS was informed that the immediate suspension would be enforced by Frenchman's Creek Security. (See Exhibit A)

14. On April 13, 2023, Defendant provided WILLS with written confirmation of the immediate suspension, without statutorily required notice or due process under Florida Statutes § 720.305.

15. On April 26, 2023, the Board of Governors suspended WILLS, without statutorily required notice or due process under Florida Statutes § 720.305. (See Exhibit A)

16. Several other club members who are aware of WILLS' neurological and physical disabilities, told Defendant's decision makers about WILLS' disabilities, including the expressive aphasia.

17. On May 10, 2023, an appeal hearing was scheduled for May 16, 2023, regarding the suspension imposed by the Board of Governors attached. (See Exhibit B)

18. In the six years that WILLS has resided at FRENCHMAN'S CREEK, he has never been a danger or threat to anyone, and WILLS has never physically harmed any residents nor their property while residing at FRENCHMAN'S CREEK.

19. Upon information and belief, the police were never called based on the theory that WILLS' conduct had posed a "direct threat" to the welfare of others.

20. Despite this, on May 16, 2023, the Appeal Panel reaffirmed the Board's decision, and WILLS suspension from its privileges in the spa, fitness center, restaurants and recreational activities. (See attached Exhibit C)

21. On May 18, 2023, WILLS submitted a Fair Housing Act Request for Accommodation. The Request for Accommodation explained his disability and requested an accommodation from the FRENCHMAN'S CREEK rules cited in the April 27, 2023, letter. The requested accommodation would allow WILLS the full use and enjoyment of his dwelling, privileges, or services and facilities. (See attached Exhibit D)

22. Defendant has refused to allow reasonable accommodation, which is necessary and required because of WILLS' disability.

23. Defendant's failure to modify its existing policies to accommodate WILLS' disabilities is discriminatory and unlawful.

24. Defendant conducted no objective, individualized inquiry whatsoever into whether WILLS posed a direct threat to persons or property at FRENCHMAN'S CREEK.

25. As a result of Defendant's actions, Plaintiff has suffered mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, humiliation, and loss of capacity for the enjoyment of life, and deprivation of WILLS' right to equal housing opportunities regardless

of his disability. These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

26. Defendant's actions were in deliberate disregard of Plaintiff's federal and state protected rights. A handicapped plaintiff proceeding under the Fair Housing Amendments Act can rely on "disparate treatment," "disparate impact" or "reasonable accommodation theory". *Douglas v. Kriegsfeld Corp.*, 884 A.2d 1109, 1128-29 (D.C. 2005); *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1218-19 (11th Cir. 2008). Here, plaintiff relies on a disparate impact theory to support his claims against Defendant in this matter.

27. Plaintiff has complied with all necessary conditions precedent to the bringing of this action, or such conditions precedent has been waived.

28. Plaintiff has retained J. Courtney Cunningham, PLLC., to represent him in these actions and has agreed to pay a reasonable fee for their services.

## COUNT I - IMPOSING DISCRIMINATORY TERMS AND CONDITIONS IN VIOLATION OF  42 U.S.C. § 3604 (f)(2)

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

30. Plaintiff is a member of a protected class, being a person with a disability.

31. Plaintiff is a resident at Frenchman's Creek and is a member of the club and spa. He is required to pay dues and fees for the dining facilities, club spa and recreational facilities which he is prohibited from using because of his disability.

32. Defendant imposed unfavorable terms, conditions and privileges on Plaintiff's residency.

33. Defendant did not impose such terms or conditions on similarly situated tenants not of Plaintiff's protected class.

## COUNT II - VIOLATION OF FLORIDA STATUTES CHAPTER 720.305

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 above as though fully set forth herein.

35. Defendant is governed by Fla. Stat. 720.305.

36. WILLS is a "member" under Fla. Stat. 720.305.

37. Defendant suspended Plaintiff's use of the common areas and facilities in violation of Fla. Stat. 720.305 (2)(b) because it failed to provide notice of at least 14 days to WILLS.

WHEREFORE, Plaintiff, DARYL WILLS, demands judgment against Defendant, FRENCHMAN'S CREEK, INC, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendant's discriminatory actions, and preventing discrimination in the future as follows:

a. That the Court declare that the actions of the Defendant violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons with disabilities,

b. That the Court declare that the Defendant actions violated the Fla. Stat. 720.305 and order that WILLS be immediately reinstated and granted all privileges of a member,

c. That the Court enjoined the Defendant from discriminating against WILLS,

d. That the Court order Defendant to provide notice to all owners and tenants of the properties it owns and operates of their rights under the Fair Housing Act, including their right to have accommodations because of a disability;

e. That the Court order that FRENCHMAN'S CREEK, INC, instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by

FRENCHMAN'S CREEK, INC, of the terms of the Court's Order and the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

f. Enter declaratory judgment that the actions of Defendant, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendant, are discriminatory against persons with disabilities and illegal under the FHAA.

g. Preliminarily and permanently enjoin Defendant, and its agents, employees and successors, and all other persons in active concert or participation with Defendant, from further discrimination against people with disabilities in residential real estate transactions.

h. Grant affirmative relief as may be necessary to remedy Defendant's past discriminatory practices and decisions, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendant, and to insure Defendant, and any other owners, agents or representatives, if any , acting in concert and agreement with Defendant, do not discriminate on basis of disability in the future including, but not limited to, fair housing training, monitoring and reporting;

i. Award actual and compensatory damages to compensate Plaintiff for economic losses and damages, and non-economic injuries, such as emotional distress, loss of civil rights, and humiliation and embarrassment caused by the discrimination and unlawful actions by Defendant, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendant, in an amount to be proven at trial;

j. Grant Plaintiff an award of punitive damages and/or exemplary damages as a result of Defendant's deliberate, intentional, overt, willful and flagrant discrimination, and any

other owners, agents or representatives, if any, acting in concert and agreement with Defendant, in an amount that reflects the dual purposes of punishment and deterrence;

k. Grant Plaintiff an award of attorney fees, costs, and pre-judgment and post-judgment interest incurred in bringing this action; and

l. Grant such other and additional relief that the Court deems just and equitable under the circumstances.

**THE PLAINTIFF DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Respectfully Submitted this May 31, 2023.

By: */s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiffs*